ARGUED AND DETERMINED

AT

# NISI PRIUS.

---

SITTINGS AFTER OCTOBER TERM, 1816.

CORAM VAN NESS, J.

———•●○———

## QUAY *against* THE EAGLE FIRE INSURANCE COMPANY.

An exemplification of a registry of a mortgage recorded in a neighboring
state, cannot be read in evidence; the original mortgage must be pro-
duced.

THIS action was brought to recover the sum of ten thou-
sand dollars, insured by defendants on certain premises
owned by the plaintiff, at Long Branch, in Monmouth coun-
ty, New Jersey, which were destroyed by fire in May, 1815.
The plaintiff having proved his case, the defendants offered
to show that the plaintiff had bought the premises insured,
subject to certain mortgages, and that his interest therein,

was only about one thousand dollars.   This was objected to by the plaintiff, but the testimony was received by the court.   The defendants then offered in evidence, exemplifications of registry of certain mortgages on the premises in controversy, duly taken from the office of the clerk of the county of Monmouth, New Jersey.

*D. B. Ogden* contended, that the original mortgages ought to be produced; that a mere exemplification of the registry was insufficient.   That the statute of New Jersey, relative to the recording of mortgages, contained no clause making the registry evidence, and that if there had been such a clause, still the party would be bound to conform himself to the rules of evidence in our own courts, which would require the production of the original mortgage. Our statute not referring to foreign deeds, recorded in foreign countries.

*Emmet,* contra.

VAN NESS, J.   The exemplification is not evidence; the original mortgage must be produced.   In suit in our own courts, the rules of evidence there established must be observed.   The rule, as contended for by the defendants, would make a mere registry of all foreign deeds evidence, which might be productive of serious evil.